In Re: New Look Lounge, Inc. New Look Lounge, Inc., Appellant.

Submitted on briefs October 4, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Louis E. Caputo,* for appellant.

*Patrick M. McHugh,* Assistant Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY JUDGE BLATT, December 23, 1982:

The New Look Lounge, Inc., (New Look) appeals here from an order of the Court of Common Pleas of Allegheny County dismissing its appeal from the Pennsylvania Liquor Control Board's (PLCB) five-day suspension of its Restaurant Liquor License which was based on violations of Section 404 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-404.

Pursuant to Section 404 of the Code, an applicant for a liquor license must state *inter alia* whether or not he is "the only person in any manner pecuniarily interested in the business," and whether or not any "other person will be in any manner pecuniarily interested therein during the continuance of the license." New Look's sole stockholder and officer, Tilman Smith, averred in the renewal applications dated February 28, 1978 and April 3, 1979 that he was the only person pecuniarily interested in the licensed business. An investigation by the PLCB, however, revealed pecuniary interests of other persons. As a result of this investigation, a hearing was held and the PLCB determined that New Look had falsified its renewal application for the years expiring April 30, 1979 and April 30, 1980.

In its appeal to this Court, the sole issue raised by New Look is whether or not the trial court committed an error of law in holding that the evidence clearly supported the PLCB's finding that the appellant had falsified its renewal applications. Our scope of review in a liquor license case, of course, is limited to a determination of whether or not the Board's order was supported by sufficient evidence and whether or not the trial court abused its discretion or committed an error of law. *Angelo's Liquor License Case*, 36 Pa. Commonwealth Ct. 338, 387 A.2d 1328 (1978).

An examination of the record reveals that the appellant corporation entered into a consultant and management agreement with the Entertainment and Management Company, Inc. (Emco) on September 20, 1977. This agreement gave Emco the authority to take over the full and effective operation of New Look, and the right to a $5,000 fee per month. On behalf of New Look, Emco entered into an agreement with a corporation doing business as "2001 Clubs of America,

Inc.," (2001 Clubs of America), a franchisor engaged in the business of franchising clubs known as "2001 Clubs" or "2001 V.I.P. Clubs." The agreement specified that, in exchange for the franchise rights, the guidance, the experience, and the good will of the 2001 Clubs of America, New Look would pay them 5% of its gross sales.

Probably due to the fact that Thomas Jayson, the owner of 2001 Clubs of America, is also the president and stockholder of Emco, the testimony concerning the financial transactions between New Look and these two businesses is frequently hard to follow. It is clear, however, that all effective control in the operation of New Look is divided between Emco and the 2001 Clubs of America. It is also clear that all income which New Look has received since September 20, 1977, has been paid to either Emco or to the 2001 Clubs of America, or has been used to pay New Look's operating expenses. Smith, the owner of New Look, testified that he has not received any profit whatsoever, or any dividend, during the entire period. Moreover, during the ten-month period between April 1, 1979 and February 6, 1980, the 2001 Clubs of America received $66,720.32 from New Look; Thomas Jayson received $8,450, and his wife Margaret received $2,600, yet Smith received nothing. We also note that the equipment, furniture and fixtures in the New Look Lounge, valued at approximately $284,154, are owned by Emco. And under the agreement between New Look and Emco, the latter is entitled to receive $5,000 per month for management fees, although the exact amount which Emco has actually received from New Look, to date, is indeterminable.

It is clear that there are many other pecuniary interests in the licensed business in addition to Smith's. We must therefore affirm the dismissal of New Look's appeal by the trial court.

ORDER

AND Now, this 23rd day of December, 1982, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.