560 A.2d 280

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LIQUOR CONTROL BOARD, Appellant,**

v.

**901–03 11TH STREET BAR, INC., Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 9, 1989.

Decided June 14, 1989.

Reargument Denied Aug. 24, 1989.

492

Kenneth W. Makowski, Chief Counsel, Cheryl G. Young, Chief Counsel, Harrisburg, for appellant.

Gary F. DiVito, Goldstein, Friedberg, Kelly & DiVito, Philadelphia, for appellee.

Before COLINS and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

The Pennsylvania Liquor Control Board (Board) appeals an order of the Philadelphia County Court of Common Pleas reversing the Board's refusal of 901–03 11th Street Bar, Inc.'s (Applicant) application for a person-to-person transfer of a restaurant liquor license from 500 Bar, Inc. to Applicant for premises located at 901–03 South 11th Street in Philadelphia. Issues presented for review pertain to the trial court's scope of review of a Board refusal of a liquor license transfer application where the applicant presents evidence to the trial court which was not submitted to the Board and the propriety of the trial court's decision. The trial court's order is reversed.

Applicant's counsel attended a three-day hearing before a Board hearing examiner, but presented no evidence. The Board subsequently refused Applicant's transfer application on four grounds. The only ground relevant here is the Board's finding that Applicant submitted false information on its application in answering "none" to the following inquiries [1]:

### Question 15

Neither the applicant nor any officer, director, stockholder, agent or employe has any financial interest, either directly or indirectly, in any *other type of business licensed by this Board*, or in the ownership, leasehold, or equipment, of any property used by such licensee, or mortgage lien against the same, nor have they loaned any money, or given credit, or anything of value, for equipping, maintaining or conducting an establishment used in such other business, except as follows: _____. (Emphasis added.)

### Question 16

No person having any financial interest as an individual, or as an officer, director, stockholder, agent or employe in

---

**1.** The Board limited its challenge on appeal to the trial court's reversal of this finding. *See* Board's brief, p. 6.

*another type of licensed business* will be in any manner interested, either directly or indirectly, in the business proposed to be licensed under this application, or in the ownership or leasehold of the property or equipment to be used in the operation of the said business, or any mortgage lien against the same, nor have they loaned any money, or given credit, or anything of value, to the applicant, or any officer, director, stockholder, servant, agent or employe, for equipping, maintaining or conducting this business, except as follows: _____. (Emphasis added.)

The Board found Applicant's responses of "none" to questions 15 and 16 contrary to record evidence indicating that Evelyn Martorano, Applicant's sole officer and shareholder, had interest in real estate upon which other restaurant businesses licensed by the Board were located.

Upon Applicant's appeal, the trial court conducted a *de novo* hearing. Applicant, having secured new counsel subsequent to the Board hearing, presented testimonial and documentary evidence through its former counsel who was called as a witness. The trial court found that the Board failed to establish intentional falsification while Applicant demonstrated a reasonable basis for interpreting the language, "other type of business licensed by this Board" and "another type of licensed business", contained in questions 15 and 16, respectively, as referring to licenses other than restaurant liquor licenses. The trial court thus concluded that the transfer application at issue was not falsified, whereupon the Board appealed to this Court for review.[2]

Section 464 of the Liquor Code[3], 47 P.S. § 4–464, directs the trial court to hear "the application *de novo* on

---

**2.** Because the trial court received additional evidence at a *de novo* hearing from which it formulated its own findings of fact, this Court's scope of review is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *Beach Lake United Methodist Church v. Pennsylvania Liquor Control Board,* 126 Pa.Commonwealth Ct. 71, 73 n. 1, 558 A.2d 611, 612 n. 1 (1989).

**3.** Act of April 12, 1951, P.L. 90, *as amended.*

questions of fact, administrative discretion and such other matters as are involved" and "sustain or over-rule the action of the board and either order or deny the ... transfer of the license to the applicant." This section, however, does not give the trial court carte blanche discretion. The trial court may not reverse the Board's decision unless the Board abused its discretion or the trial court made findings of fact varying significantly from those made by the Board. Nor may the trial court substitute its own findings of fact for those of the Board if substantially similar evidence is presented in both forums. *Beach Lake United Methodist Church v. Pennsylvania Liquor Control Board*, 126 Pa. Commonwealth Ct. 71, 558 A.2d 611 (1989).[4] Here, the trial court could substitute its findings of fact for those of the Board as it received evidence which differed from that presented to the Board and reverse on the basis of its own findings of fact which varied significantly from those made by the Board.

The Board argues nonetheless that Applicant improperly manipulated Section 464 in presenting its evidence in the first instance to the trial court. Accordingly, the Board requests us to deny Applicant the fruits of its fabricated "significant variance" in the facts between the two hearings below and apply only the "abuse of discretion" test to its judgment based upon the record which was before it.

Precedent precludes us from granting the Board's request. In *Pennsylvania Liquor Control Board v. New Greensburg Aerie Fraternal Order of Eagles No. 3920, Inc.*, 82 Pa.Commonwealth Ct. 272, 476 A.2d 985 (1984), e.g., this Court stated that the trial court could substitute its findings of fact for those of the Board and reverse on the

4. We are mindful of the Pennsylvania Supreme Court's decision in *Adair v. Pennsylvania Liquor Control Board*, 519 Pa. 103, 546 A.2d 19 (1988), which interpreted Section 471 of the Liquor Code, 47 P.S. § 4-471, prior to its reenactment and amendment by the Act of June 29, 1987, P.L. 32. Therein, the Supreme Court concluded that Section 471 conferred far greater discretion in the trial court than we have provided here. However, this Court recently held in *Beach Lake United Methodist Church* that the *Adair* scope of review does not apply to Section 464 of the Liquor Code.

basis of its own findings where it received additional testimony and a significant amount of documentary evidence not produced by the applicant at the Board hearing. Moreover, Section 464 indicates that the applicant need only appear at the Board hearing in order to appeal any adverse Board determination to the appropriate trial court. Nothing therein requires an applicant to present evidence.

■ Having found that the trial court adopted the appropriate scope of review, we must now address the propriety of the trial court's decision in accordance with our scope of review. Although the trial court based its decision, in part, upon the Board's failure to establish intentional falsification, Section 404 of the Liquor Code, 47 P.S. § 4–404, which governs the issuance of restaurant liquor licenses, requires only that the Board be "satisfied of the truth of the statements in the application". In *New Look Lounge, Inc.,* 70 Pa.Commonwealth Ct. 505, 453 A.2d 700 (1982), the applicant averred in two renewal applications that he was the only party pecuniarily interested in the business contrary to evidence presented at the Board hearing which did not include proof of intentional falsification. This Court nonetheless found the evidence sufficient to support the determination that the applicant had falsified the applications in violation of Section 404.

Evidently, the trial court relied upon Section 403(h) of the Liquor Code, 47 P.S. § 4–403(h), which provides that "[i]f any false statement is intentionally made in any part of the application, the affiant shall be deemed guilty of a misdemeanor and, upon conviction, shall be subject to the penalties provided by this article." However, Section 403(h) is not controlling here since the Board merely refused Applicant's application and did not charge Applicant with a misdemeanor. We therefore find that the trial court erred in requiring the Board to establish intentional falsification under Section 404.

■ Applicant nonetheless argues that the trial court properly found that it had truthfully answered "none" to

questions 15 and 16 on its application in light of its reasonable interpretation of the language at issue, "other type of business licensed by this Board" and "another type of licensed business". Applicant cites Section 411 of the Liquor Code, 47 P.S. § 4–411, in support of its interpretation that this language refers to licenses other than restaurant liquor licenses [5].

Section 411 addresses specific interlocking business relationships and prohibits manufacturers and distributors from having any direct or indirect interests in licensed hotel, restaurant, club, and retail dispenser establishments and vice-versa. However, as noted by Applicant, this section does not prohibit a holder of a restaurant license from having any interest in another restaurant or in property occupied by another restaurant licensee. Applicant contends that the language of questions 15 and 16 tracks that of Section 411 and thus is clearly intended to disclose only the existence of any interest or relationship prohibited by Section 411.

We initially note that questions 15 and 16 make no reference to Section 411. Moreover, the application at issue also encompasses municipal golf course and airport restaurant liquor licenses which are not noted in Section 411. It is therefore obvious that Section 411 was not intended to be considered in interpreting the language used in questions 15 and 16. The trial court therefore erred in accepting this argument as a basis for its decision.

Accordingly, the trial court's order is reversed.

COLINS, J., dissents.

## ORDER

AND NOW, this 14th day of June, 1989, the order of the Court of Common Pleas of Philadelphia County is reversed.

5. Evidence of record indicates that Applicant, via Evelyn Martorano, had interest in real estate only upon which other *restaurant* businesses licensed by the Board were located.