558 A.2d 611

**BEACH LAKE UNITED METHODIST CHURCH**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LI-QUOR CONTROL BOARD and Kuester's Inc., d/b/a Kuester's Hotel.**

**Appeal of KUESTER'S INC., d/b/a Kuester's Hotel.**

Commonwealth Court of Pennsylvania.

Argued March 8, 1989.

Decided May 17, 1989.

72

John J. Brier, Scranton, for appellant.

Richard B. Henry, Bugaj and Henry, Honesdale, for Beach Lake United Methodist Church.

Kenneth Skelly, Chief Counsel, Harrisburg, and Kenneth W. Makowski, Asst. Counsel, Philadelphia, for Pennsylvania Liquor Control Bd.

Sara Slesinger, Smith, Asst. Counsel, Harrisburg, for Pa. State Police, Bureau of Liquor Control Enforcement.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

PALLADINO, Judge.

This is a reargument of a case initially reported in *Beach Lake Methodist Church v. Kuester's, Inc., d/b/a Kuester's Hotel,* —— Pa.Commonwealth Ct. ——, 548 A.2d 388 (1988) (*Beach Lake I*). We granted Kuester's Inc. d/b/a Kuester's Hotel (Kuester) petition for reargument to consider whether the supreme court's decision in *Adair v. Pennsylvania Liquor Control Board,* 519 Pa. 103, 546 A.2d 19 (1988) is to be applied to liquor license application cases. The impact of *Adair* on liquor license application cases was not briefed in *Beach Lake I.*

On July 1, 1986, Kuester applied for a new hotel liquor license, amusement permit and provisional Sunday sales

permit (liquor license). A hearing was held before a hearing examiner at which Beach Lake United Methodist Church (Appellee) appeared and objected to the application. On April 23, 1987, the Pennsylvania Liquor Control Board (Board) granted the liquor license.

Appellee appealed to the trial court. After a de novo hearing, the trial court issued its own findings of fact and reversed the Board's decision granting the license. The case was appealed to this court and we affirmed. *Beach Lake I.*

The sole issue before us on reargument is whether, as a result of the supreme court's decision in *Adair*, a trial court in a liquor license application case may substitute its own findings of fact for those of the Board even when the evidence presented to the trial court is substantially the same as the evidence presented to the Board.[1]

█ The trial court's scope of review in liquor license application cases is set forth in section 464 of the Act of April 12, 1951, P.L. 90 (Liquor Code), *as amended,* 47 P.S. § 4–464.[2] This section of the Code has been interpreted to forbid a trial court from reversing a Board's decision unless there has been a manifest abuse of discretion or the trial court makes findings of facts which vary from the findings made by the Board. *Byer v. Pennsylvania Liquor Control Board,* 73 Pa.Commonwealth Ct. 336, 457 A.2d 1344 (1983). In addition, the trial court may not substitute its own findings of fact for those of the Board when the evidence

**1.** Our scope of review in cases where the trial court has conducted a de novo hearing at which it receives additional evidence and makes its own findings of fact is limited to a determination of whether the trial court's findings of fact are supported by substantial evidence, and whether the trial court committed an error of law or abused its discretion. *Pennsylvania Liquor Control Board v. Klein,* 101 Pa.Commonwealth Ct. 528, 516 A.2d 1324 (1986).

**2.** Section 464 of the Liquor Code provides, in pertinent part:
The court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved, at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain or overrule the action of the board and either order or deny the issuance of a new license or the renewal or transfer of the license to the applicant.

presented to the trial court and the Board was substantially the same. *Pennsylvania Liquor Control Board v. Glucki*, 110 Pa.Commonwealth Ct. 331, 532 A.2d 517 (1987). We have examined the trial court's scope of review in light of *Adair* and conclude that it is unaltered.

■ In *Adair*, the trial court reversed the Board's revocation of a liquor license and replaced it with a fine. In upholding the trial court's decision, the supreme court held that section 471 of the Act of April 12, 1951, P.L. 90, *as amended*, June 3, 1971, P.L. 143, 47 P.S. § 4–471 [3] permitted the trial court, after a de novo hearing, to use its own discretion to sustain, alter or modify the findings of fact, conclusions, and penalties imposed by the Board. In reaching this conclusion, the supreme court noted that section 471 expressly authorized the trial court to exercise its discretion.

Section 464 of the Liquor Code is applicable to liquor license applications and sets forth the trial court's scope of review for those applications. This scope is materially different than that of section 471 as interpreted in *Adair*. The supreme court declared that the language of section 471 expressly permits the trial court to use its discretion to sustain, reject, alter, or modify the findings of fact, conclu-

---

3. The language of section 471 of the Liquor Code which was interpreted in *Adair* was:

> In the event the person who was fined or whose license was suspended or revoked by the board shall feel aggrieved by the action of the board, he shall have the right to appeal to the court of quarter sessions or the county court of Allegheny County in the same manner as herein provided for appeals from refusals to grant licenses. Upon appeal, the court so appealed to shall, *in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the board, based on the findings of fact and conclusions of law as found by the court.*

We note that section 471 of the Liquor Code was reenacted and amended on June 29, 1987. The above language was deleted and replaced with:

> In the event the bureau or the person who was fined or whose license was suspended or revoked shall feel aggrieved by the decision of the board, there shall be a right to appeal to the court of common pleas in the same manner as herein provided for appeals from refusals to grant licenses.

sions and decisions made by the Board. Section 464, the liquor license application section, on the other hand, contains no such language.

The standard for granting liquor licenses is set forth in section 404 of the Liquor Code. Section 404 provides, in pertinent part:

Provided, however, that in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground, or if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board; And provided further, that the board shall refuse any application for a new license or the transfer of any license to a new location if, in the board's opinion, such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed ...

This section gives the Board broad discretion to grant or deny liquor licenses where, as here, the applicant's premises is within three hundred feet of a church. Clearly the intent of the legislature was to give the Board, and not the trial court, the discretion to issue licenses. Accordingly, we conclude that *Adair* does not apply to liquor license application cases under section 464.

■ In the case at bar, conflicting testimony was presented to the Board regarding the possible adverse effects of the liquor license on the surrounding neighborhood. The Board found that the approval of the application would not "adversely affect the health, welfare, peace and morals of the neighborhood within the radius of 500 feet." Although the witnesses who testified before the trial court were different from those who testified before the Board, the evidence presented was substantially the same. Therefor, the Board's finding should not have been displaced. Be-

cause the Board's finding that the granting of this liquor license will not adversely impact upon the surrounding neighborhood is supported by substantial evidence, the Board did not manifestly abuse its discretion by approving Kuester's liquor license application.

Accordingly, the order of the trial court is reversed and the order of the Board is reinstated.

COLINS, J., dissents.

## ORDER

AND NOW, May 17, 1989, the order of the Court of Common Pleas of Wayne County in the above-captioned matter is reversed and the order of the Board is reinstated.