**McGONIGEL'S, INC., t/a Pisadeli's Pizza and Sandwich Place, Appellant,**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD.**

Commonwealth Court of Pennsylvania.

Argued June 7, 1995.
Decided Aug. 18, 1995.

William H. Lamb, for appellant.

Robin Coward, Assistant Counsel, for appellee.

Before COLINS, President Judge, and DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

COLINS, President Judge.

McGonigel's, Inc., t/a Pisadeli's Pizza and Sandwich Place (applicant), has appealed from an order of the Court of Common Pleas of Chester County (court of common pleas) which affirmed the Pennsylvania Liquor Control Board's (Board) denial of an application for a new retail liquor license under the resort area exception to the Liquor Code (Code).[1]

McGonigel's seeks a liquor license under the resort area exception to the Code to service the expansion of its restaurant to accommodate 150 people and to offer a menu that varies from others offered in East Whiteland Township. There were no protestants to the application. A hearing examiner for the Board conducted an evidentiary hearing on January 13, 1993, following which he issued a detailed report recommending the application be granted. The Board held a brief hearing and closed the record. After the close of the record, Michael McGovern, Executive Vice President of the Pennsylvania Restaurant Association, notified the Chairman of the Board, by letter dated March 9, 1993, that neither he nor Chester County restaurateurs were in favor of the grant of applicant's request for a resort license. McGovern stated that the Board would be considering the application for a resort license at its March 10, 1993 meeting. McGovern requested denial of the application because it would have a significant impact on like businesses proximate to applicant's restaurant. On April 15, 1993 the Board denied the applicant's request for a resort license.

On appeal, the court of common pleas noted that the Board did not exercise its statutory function and issue proper findings of fact.[2] Instead, the Board issued three con-

---

1. Section 461(b) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–461(b) provides:
   The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area.

2. The Board issued the following findings:
   1. The quota for East Whiteland Township, Chester County is 2 and there are 5 restaurant liquor licenses in effect counted against this quota. Accordingly, the quota is filled. There are also 6 hotel licenses and 1 catering club liquor license in effect which are not counted against the quota.
   2. The proposed licensed premises are not located in a resort area.
   3. There is no evidence of necessity for an additional restaurant liquor license in East Whiteland Township, Chester County.
   The Board, after giving careful consideration to all of the facts established at the hearing, is of the opinion that the aid application for a

clusions of law with no commentary on the evidentiary basis upon which the conclusions rested. Rather than remand the case to the Board and compel the Board to perform its statutorily mandated duties, the court of common pleas conducted an evidentiary hearing on July 13, 1993. After the close of the record, the Pennsylvania Restaurant Association, through both its Brandywine chapter[3] and its main group,[4] contacted Judge Sugerman and advised him that the Association did not favor the grant of a resort license. On June 21, 1994, the court of common pleas issued an opinion in which it listed no delineated findings of fact but instead made factual findings throughout the body of its opinion. As its ultimate conclusion, the court of common pleas affirmed the Board's decision and dismissed applicant's appeal.

■ On appeal to this Court, the applicant seeks to reverse the court of common pleas and for this Court to grant its application for a license. Since the trial court conducted its own evidentiary hearing and issued its own findings of fact, our scope of review is to determine whether there is substantial evidence to support the court's findings of fact, and whether the court abused its discretion or committed an error of law. *Pennsylvania Liquor Control Board v. Klein,* 101 Pa.Commonwealth Ct. 528, 531, 516 A.2d 1324, 1326 (1986).

■ In these matters, the Board is the finder of fact. *Beach Lake United Methodist Church v. Pennsylvania Liquor Control Board,* 126 Pa.Commonwealth Ct. 71, 558 A.2d 611 (1989). As such, the Board is required to set forth its findings in an adjudication, and that adjudication must include all findings necessary to resolve the issues raised by the evidence and which are rele-

vant to a decision. 2 Pa.C.S. § 507. *See City of Philadelphia v. Pennsylvania Public Utility Commission,* 73 Pa.Commonwealth Ct. 355, 458 A.2d 1026 (1983). *See also, Greene Township Board of Supervisors v. Pennsylvania Public Utility Commission,* 164 Pa.Commonwealth Ct. 88, 642 A.2d 541 (1994); *Reed v. Unemployment Compensation Board of Review,* 104 Pa.Commonwealth Ct. 373, 522 A.2d 121 (1987); *Birriel v. Workmen's Compensation Appeal Board,* 62 Pa.Commonwealth Ct. 124, 435 A.2d 292 (1981); *Rickards v. United States Department of Housing and Urban Development,* 623 F.Supp. 463 (E.D.Pa.1985). If appeal is taken, the court of common pleas may not substitute its discretion for that of the Board. The court of common pleas, upon hearing additional testimony, may reverse the Board only when it has committed a clear abuse of discretion or where new facts varying from those accepted by the Board are found by the trial court. *Beach Lake United Methodist Church.* This rule of law anticipates the Board issuing findings of fact, which the court of common pleas then reviews by testing the substantiality of the evidence and examining whether the Board abused its discretion. *A priori,* if the Board does not set forth the facts it accepts, there is no basis for the trial court to differ with the Board's conclusions.

■ This case is most troubling because the Board, after reviewing *ex parte* communications from individuals purportedly speaking for associations comprising of applicant's competitors, completely reversed the thorough and well-reasoned opinion of its hearing examiner. In making this abrupt reversal, the Board gave no reasoned determination nor any factual conclusions as to why it was

---

new restaurant liquor license, amusement permit and provisional Sunday sales permit should be refused.

**3.** By letter dated September 16, 1993, Sal Baldino, President of the Brandywine Chapter of the Pennsylvania Restaurant Association, wrote to Judge Sugerman expressing his objection to the issuance of a resort license and his support for the Board's denial of a license. Mr. Baldino stated he was concerned with the impact a resort license would have on Chester County especially in East Whiteland Township.

**4.** By letter dated November 23, 1993, Michael McGovern, Executive Vice President of the Pennsylvania Restaurant Association, wrote Judge Sugerman. In his letter Mr. McGovern represented that he was speaking on behalf of the Commonwealth, in particular members of the Association, and stated that to grant a resort license would result in a significant financial expense to existing license holders. Mr. McGovern attached a copy of his March 9, 1993 letter to the Board.

acting as it did. It is not the function of the trial court or this Court to be used as a "super-agency" appeals Board in these matters. The Administrative Agency Law[5] requires findings of fact. Here, the Board issued only *pro forma* reasons that reveal only conclusions. There is no indication of the reasoning process leading to the conclusion; thus, it does not satisfy the statutory obligation to issue findings of fact and reasons for the adjudication. This is a critical omission. Such a practice, in addition to contravening the express will of the legislature, is undesirable from the standpoint of judicial administration, in that it foists upon the court what is essentially the function of the Executive Branch of government. Therefore, while we are not critical of Judge Sugerman's efforts in this matter, we must direct that this matter be remanded to the Board with directions that the Board perform its statutorily mandated role as directed by the legislature.

Accordingly, we vacate the order of the Court of Common Pleas of Chester County and remand this case to the Court of Common Pleas of Chester County with direction that the matter be remanded to the Pennsylvania Liquor Control Board for a reasoned decision, including findings of fact and conclusions of law. The Board, in its judgment, may take additional testimony and/or evidence, if it deems it necessary.

### ORDER

AND NOW, this 18th day of August, 1995, the order of the Court of Common Pleas of Chester County is vacated and this matter is remanded to the Court of Common Pleas of Chester County with directions that the matter be remanded to the Pennsylvania Liquor Control Board for proceedings consistent with this opinion.

Jurisdiction relinquished.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. I would affirm the denial of McGonigel's Inc.'s (Applicant) application for a new retail liquor license, amusement permit and provisional Sunday permit filed under Section 461(b) of the Liquor Code, 47 P.S. § 4–461(b), the so-called "resort area exception," based upon the well-written and trenchant opinion of Judge Leonard Sugerman of the Court of Common Pleas of Chester County. Judge Sugerman's opinion explains in detail that applicant neither met its burden of establishing that East Whiteland Township is a resort area, or that there was a need for an additional retail liquor license to serve "tourists" visiting the "resorts" in Chester County. If we were to grant additional retail liquor licenses on the facts as found by Judge Sugerman, or even as Applicant sets them forth in its brief, there would be very few areas of this Commonwealth that would not be considered "resort areas" qualifying for the issuance of additional retail liquor licenses. While I agree with the majority that the Liquor Board had an obligation to make findings of fact in support of its decision, the adequacy of the Board's findings were not raised either before the trial court or us. Accordingly, I respectfully dissent.

DOYLE, J., joins in this dissent.