**MANAYUNK DEVELOPMENT CORPORATION**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD.**

**Appeal of A & J MAIN, INC., Appellant.**

**MANAYUNK DEVELOPMENT CORPORATION**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1997.

Decided June 3, 1997.

Publication Ordered Aug. 28, 1997.

---

8. *See supra* note 5.

Gary F. Di Vito, Philadelphia, for appellant.

Roxanne D. Galeota, Philadelphia, for appellee, Manayunk Development Corporation.

Before SMITH and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Appellants, Pennsylvania Liquor Control Board and A & J Main, Inc., appeal from the May 9, 1996 order of the Court of Common Pleas of Philadelphia County reversing the Liquor Control Board's decision to grant A & J's application for double transfer of a restaurant liquor license, held in safekeeping, to premises where A & J currently operates a restaurant in the Manayunk area of the City of Philadelphia. The questions involved for review include whether the trial court, after conducting a de novo review, erred when it failed to apply the limited scope of review set forth in *Ball Park's Main Course, Inc. v. Pennsylvania Liquor Control Board*, 163 Pa. Cmwlth. 636, 641 A.2d 713, *appeal denied*, 539 Pa. 655, 651 A.2d 542 (1994); whether the trial court erred when it failed to deny A & J's motion to quash and/or dismiss the appeal of Manayunk Development Corporation for its lack of standing to appeal the Board's decision; and whether the trial court erred when it found that a transfer of liquor license would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a 500-foot radius.

The trial court issued a well-reasoned opinion dated August 14, 1996, incorporating its May 9, 1996 memorandum opinion, which discussed and appropriately resolved the questions presented for review. The trial court followed the proper standard of review in this matter; the decision to deny A & J's motion to quash and/or

dismiss Manayunk's appeal was correct;[1] and the trial court reached the right decision when it concluded that A & J's transfer of liquor license would be detrimental to the neighborhood.

 In connection with the court's de novo hearing, Manayunk presented the testimony of various witnesses who did not testify at the administrative hearing: they include a Philadelphia city councilman whose councilmanic district includes residents of Manayunk; a neighbor of the proposed premises and director of Manayunk; an architect and urban planner who conducted a traffic and parking analysis of Main Street; a Philadelphia police officer who served on bike patrol in Manayunk; and an operator of the proposed restaurant, called as on cross-examination. A & J and the Board rested their case upon the certified record of proceedings before the hearing examiner and the Board.

The additional evidence before the trial court permitted the court to substitute its own findings for those made by the Board, inasmuch as the evidence before the court was substantially different from the evidence before the Board. To that extent, the trial court applied a limited scope of review. *Ball Park's Main Course.*[2] This Court, therefore, affirms the order of the Court of Common Pleas of Philadelphia County and adopts the opinion issued by Judge Stephen E. Levin in *Manayunk Dev. Corp. v. Pennsylvania Liquor Control Board,* —— Pa.D. & C.4th —— (C.C.P. of Philadelphia County, No. 0171 Civil Division November Term 1995, filed August 14, 1996).

### ORDER

AND NOW, this 3rd day of June, 1997, the order of the Court of Common Pleas of Phila-

delphia County is affirmed, and the Court hereby adopts the opinion issued by Judge Stephen E. Levin in *Manayunk Dev. Corp. v. Pennsylvania Liquor Control Board,* —— Pa.D. & C.4th —— (C.C.P. of Philadelphia County, No. 0171 Civil Division November Term 1995, filed August 14, 1996).

FLAHERTY, J., concurs in the result only.

---

[1]. The trial court determined that the standing issue was waived by A & J because neither A & J nor the Liquor Control Board objected to Manayunk's intervention below. Even assuming no waiver of this issue, A & J failed to show that Manayunk did not have members within 500 feet of the proposed premises who would suffer direct and substantial harm if the license transfer were allowed, notwithstanding A & J's reliance upon *Tacony Civic Ass'n v. Pennsylvania Liquor Control Board,* 668 A.2d 584 (Pa.Cmwlth.1995), *appeal denied,* 545 Pa. 666, 681 A.2d 180 (1996).

[2]. *See also Beach Lake United Methodist Church v. Pennsylvania Liquor Control Board,* 126 Pa. Cmwlth. 71, 558 A.2d 611 (1989) (trial court may not reverse Liquor Control Board decision unless trial court makes findings of fact which differ from those made by the Board).