IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Kerr Musgrave IV,                    :
                          Petitioner      :
                                          :
          v.                              : No. 1647 C.D. 2023
                                          : Submitted: June 3, 2025
Pennsylvania Liquor Control Board,        :
                          Respondent      :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED:  September 9, 2025


          John Kerr Musgrave IV (Musgrave) petitions for review of the December 8,
2023 order (Order) of the Pennsylvania Liquor Control Board (Board) denying his
Petition to Intervene (Petition) in Shadyside Mex, LP, Mad Mex's (Applicant)
application for a person-to-person transfer of a restaurant liquor license
(Application).[1]  The Board determined Musgrave's speculative noise concerns were
insufficient to show Musgrave was directly aggrieved by Applicant's proposed
transfer, and, therefore, Musgrave lacked standing to challenge Applicant's request.
Upon careful review, we affirm.

---

[1]   While decisions of the Pennsylvania Liquor Control Board are generally appealed to the Courts
of Common Pleas, a party may appeal a decision of the Board denying its petition to intervene
directly to this Court. *See Burns v. Rebels, Inc.*, 779 A.2d 1245, 1249 (Pa. Cmwlth. 2001) (citing
Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702).

## I. BACKGROUND

In July of 2022, Applicant submitted its Application to the Board for the person-to-person transfer of a restaurant liquor license from Highland Mex, LP (Transferor) to Applicant for its restaurant located at 220 South Highland Avenue, Pittsburgh, Pennsylvania (licensed premises). Musgrave then filed his Petition, outlining his objections to the proposed license transfer. Reproduced Record (R.R.) at 108.[2] By letter dated June 12, 2023, the Board notified Applicant it would hold a hearing to address Musgrave's Petition and objections to the application for transfer, specifically indicating:

> 1. The Board shall take evidence to determine if John Musgrave would be directly aggrieved by the granting of this application, based on the reputation of the proposed officers and/or manager, which would qualify him as an intervenor in this matter.

*Id.* at 102.

The Board's hearing examiner conducted a hearing on August 3, 2023. R.R. at 5. Musgrave testified in support of his Petition, and Joshua Klein (Klein), one of Applicant's limited partners and its treasurer, testified on behalf of Applicant. *Id.* at 6. During his testimony, Musgrave explained he owns property located at 222 through 226 South Highland Avenue, Pittsburgh, Pennsylvania, which "abuts" the proposed licensed premises. *Id.* at 16. Musgrave further testified that his property consists of seven residential units and three commercial units. *Id.* at 19, 38. Musgrave also explained that only one unit, a commercial unit, is currently occupied by a tenant. *Id.* at 38-39. Musgrave testified that he is opposed to Applicant's proposed transfer because the windows in 2 of his residential units are only approximately 20 feet away from Applicant's proposed outdoor serving area. *Id.* at

---

[2] Because the reproduced record is not numbered, this Court references electronic pagination.

2

17. Musgrave further explained that if Applicant intends to serve alcohol outdoors, the noise from Applicant's patrons will disturb his tenants. *Id.* at 18. Additionally, Musgrave indicated this will cause him to be unable to rent his residential units and "go out of business because tenants will not want to live in the residential unit[s]." *Id.* at 18-19. Finally, Musgrave admitted he is not challenging the reputation of Applicant, its owners, or the proposed manager. *Id.* at 48-50.

Next, Klein testified that Applicant and Transferor are part of a larger group called Big Burrito Restaurant Group (Big Burrito). R.R. at 52-54. Klein explained the proposed licensed premises opened in approximately 2011, at which time it was operating under Transferor's name. *Id.* at 54. Klein further indicated the reason for the proposed person-to-person liquor license transfer is because Big Burrito is undergoing a corporate restructuring in which it is separating out its Mad Mex concepts and putting them under a different holding company. *Id.* at 55.

Klein further testified that Applicant will maintain the same concept as Transferor, with the same hours of operation (daily from 11:00 a.m. to midnight). R.R. at 55-56, 60. Klein explained that approximately 75% of Applicant's sales will be food, and Applicant does not intend to offer live entertainment. *Id.* In response to Musgrave's complaints regarding noise, Klein testified he worked at Transferor's premises from approximately 2011 to 2014 as Transferor's manager, and he was not aware of any neighbors complaining about noise. *Id.* at 61-62. In addition, Transferor has not received any citations regarding noise. *Id.*

On December 8, 2023, the Board approved the Application and determined that Musgrave should not be granted standing as an intervenor. *Id.* at 156. Musgrave appealed to this Court, arguing the Board erred in concluding he did not have

3

standing to intervene. Musgrave Br. at 6. In addition, Musgrave raised several substantive issues in his appeal.[3] *Id.* at 6-7.

## II. DISCUSSION

Our review of the Board's decision is limited to determining whether substantial evidence supports the Board's necessary findings of fact, whether the Board committed an error of law, whether the Board violated one of the parties' constitutional rights, or whether the Board failed to follow its practices and procedures. *Water St. Beverage, LTD v. Pa. Liquor Control Bd.*, 84 A.3d 786, 792 n.6 (Pa. Cmwlth. 2014). The determination to "grant or den[y] a petition to intervene is within the sound discretion of the [Board], and a decision on intervention will not be disturbed unless there has been a manifest abuse of discretion." *Id.* at 792.

A person has standing to intervene in a liquor license application if they "can demonstrate a direct interest in [the] application . . . [and] that a Board decision contrary to the person's direct interest will cause the person to be aggrieved." 40 Pa. Code § 17.12. "It is well-established that a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge." *Tacony Civic Ass'n v. Pa. Liquor Control Bd.*, 668 A.2d 584, 589 (Pa. Cmwlth. 1995) (citation omitted).

Section 404(a) of the Liquor Code[4] (Code) provides different requirements for transferring an existing liquor license to a new owner and obtaining a new liquor license or transferring an existing liquor license to a new location.

___

[3] Due to our conclusion the Board did not abuse its discretion in concluding Musgrave lacked standing to intervene in this matter, as fully outlined below, we need not address Musgrave's substantive issues.

[4] Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1-101 – 10-1001.

*See* 47 P.S. § 4-404(a). In the case of transferring an existing liquor license to a new owner, the Board may only refuse the request if the applicant is not a person of good repute or if the applicant fails to meet other requirements of the Code. *Id.*; *Arrington v. Pa. Liquor Control Bd.*, 667 A.2d 439, 443 (Pa. Cmwlth. 1995) ("In short, Section 404 clearly and unequivocally now provides . . . that the Board must *issue a restaurant license to a qualified* person and *for a qualified premises . . . by transfer*."). In the case of obtaining a new liquor license or transferring an existing liquor license, the Board must also consider factors related to community impact. *See* 47 P.S. § 4-404(a).

In conformity with the Code, the Board's regulations governing the practice and procedure for license application protests provide separate criteria for protesting a liquor license application when the location of the license is at issue and when the qualifications of the applicant are at issue. *See* 40 Pa. Code § 17.11(a)-(b). When the qualifications of the applicant are at issue and not the location, as in this case, "[a] protest may be filed with the Board by a person having information regarding the qualifications of an applicant for . . . the transfer of these licenses to another person . . . ." 40 Pa. Code § 17.11(b).

Because Musgrave owns a building near the proposed licensed premises, there is some basis for Musgrave to believe he may be aggrieved by the Board's decision. However, Applicant is not applying for a new liquor license or to move the location of an existing license. Instead, Applicant is only requesting to transfer an existing liquor license to a new person. Consequently, the only substantive issues before the Board were whether Applicant was a person of good repute or failed to comply with other provisions of the Code. In concluding its analysis regarding Musgrave's Petition, the Board explained it:

5

believes that Mr. Musgrave failed to raise sufficient non-speculative evidence to show how he would be directly aggrieved by the Board granting Applicant's application, based on Applicant's reputation. Specifically, Mr. Musgrave's testimony was limited to the proximity of his rental building to the proposed licensed premises, which is not relevant in a person-to-person transfer. As to reputation, which is at issue, Mr. Musgrave testified that he does not have any concerns based on the reputations of Applicant's proposed officers and/or Applicant's proposed Board-approved manager. Since Mr. Musgrave failed to provide sufficient evidence to show how he would be directly aggrieved by the granting of Applicant's person-to-person transfer application, based on Applicant's reputation, Mr. Musgrave does not have standing as an intervenor in the instant matter.

R.R. at 129-30. We agree, and, therefore, conclude the Board's determination Musgrave does not have standing to intervene in this matter was not a manifest abuse of discretion.

### III. CONCLUSION

Based on the foregoing reasons, we affirm the Board's order.

_____
STACY WALLACE, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Kerr Musgrave IV,  :
                Petitioner  :
                         :
      v.  : No. 1647 C.D. 2023
                         :
Pennsylvania Liquor Control Board,  :
                Respondent  :

# **O R D E R**

**AND NOW**, this 9th day of September 2025, the December 8, 2023 order of the Pennsylvania Liquor Control Board is **AFFIRMED**.

_____
STACY WALLACE, Judge